IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MONICA WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-00192-CV-RK |
| ) | |
| M.D. DAVID J. SHULKIN, SECRETARY, ) | |
| DEPARTMENT OF VETERAN AFFAIRS; ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff's Application for Appointment of Counsel (doc. 2), Application to File Action and Make Payment of Fees (doc. 3),[1] and Financial Affidavit (doc. 4).

Plaintiff's action was filed on March 16, 2017, pursuant to Title VII of the Civil Rights Act of 1964 alleging employment discrimination on the basis of race and gender. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Title VII in particular, while not providing an automatic right of counsel, *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984), does provide that that a district court may appoint counsel "in such circumstances as the court may deem just[,]" 42 U.S.C. § 2000e-5(f). The decision to appoint counsel is discretionary; in making the decision, a district court generally considers the following factors: (1) the merits of the claim, (2) the plaintiff's efforts to obtain counsel, and (3) the plaintiff's financial ability to retain an attorney. *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983) (citations omitted). Other relevant factors may include the complexity of facts and legal issues, the litigant's ability to investigate and present his or her case, and the existence of conflicting testimony. *See id.*; *In re Lane*, 301 F.2d 1040, 1043-44 (8th Cir. 1986) (discussing factors to be considered in appointing counsel in the context of an action pursuant to 42 U.S.C. § 1983).

At this stage of the proceeding, it is difficult to determine whether Plaintiff's claims have merit considering that Defendant has not yet been served. As to Plaintiff's efforts to obtain counsel, in her application for appointment of counsel, Plaintiff provides the names of three law

---

[1] Plaintiff modified the district's form application for requests to proceed *in forma pauperis* to indicate that she is able to pay the fees to file her action.

firms she has contacted with no success in obtaining representation. (Doc. 2.); *see Dumas v. Adler*, No. 06-3458-CV-S-FJG, 2006 U.S. Dist. LEXIS 92060, at *4 (W.D. Mo. Dec. 20, 2006) (comparing other cases where the plaintiff had contacted four or more attorneys and finding that contacting three attorneys was insufficient to show a diligent attempt to secure representation). Regarding Plaintiff's financial ability, Plaintiff's financial affidavit demonstrates her economic status is well-above federal poverty guidelines. (Doc. 4.); *see Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977) ("While [Title VII] does not require that one be a pauper before counsel may be appointed, a person's financial resources should certainly be considered."). Moreover, nothing in the record shows that the facts or the legal issues involved are so complex, that Plaintiff is unable to investigate her case, or that Plaintiff is unable to present her case so as to establish circumstances warranting appointment of counsel. It is also premature to determine the existence of conflicting testimony since Defendant is not yet in the case.

Based on the foregoing, the Court concludes that none of the relevant factors weigh in favor of appointment of counsel under the present circumstances. However, the Court recognizes that it is early in the proceeding and the relevant circumstances may change as the case progresses. Therefore, Plaintiff's Application for Appointment of Counsel (doc. 2) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 29, 2017